Vincente R. TIRADO, Plaintiff,

v.

"Z" FRANK, INC., a corporation, and General Motors Acceptance Corporation, a corporation, Defendants.

No. 80 C 3746.

United States District Court,
N. D. Illinois, E. D.

Aug. 28, 1981.

Albert Koretzky, Chicago, Ill., for plaintiff.

Robert W. Gettleman, Jeffrey B. Schamis, D'Ancona, Pflaum, Wyatt & Riskind, Clyde O. Bowles, Jr., Alan I. Becker, Bowles & Becker, Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge: ·

Plaintiff Vincente R. Tirado ("Tirado") brought this action against defendants, "Z" Frank, Inc. ("Z Frank") and General Motors Acceptance Corporation ("GMAC"), alleging a failure to disclose certain information in connection with the sale of a used car, in violation of sections 121 and 128 of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), Federal Reserve Regulation Z, 12 C.F.R. 226 ("Regulation Z"), and the

Illinois Motor Vehicle Retail Installment Sales Act, Ill.Rev.Stat. ch. 121½, § 561 *et seq.* ("MVRISA"). Jurisdiction in this case is based on 15 U.S.C. §§ 1611, 1638.

On June 11, 1981, GMAC filed a motion to dismiss Counts I and II of the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). At the same time Z Frank moved to dismiss Count IV of the complaint for failure to state a claim under TILA and to dismiss Count V for failure to state a claim under MVRISA and for lack of federal jurisdiction.[1] By order of this Court dated June 18, 1981, Counts I and II of Tirado's complaint were dismissed as to Z Frank and the complaint was dismissed in its entirety as to GMAC. This case is now before the Court on Z Frank's motion to dismiss Counts IV and V of the complaint.

Z Frank contends that Count IV of Tirado's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it does not state a claim under the TILA. In *Mathers Fund, Inc. v. Colwell Co.*, 564 F.2d 780, 783 (7th Cir. 1977), the United States Court of Appeals for the Seventh Circuit applied the following standard to a motion to dismiss pursuant to Rule 12(b)(6):

> [O]n a motion to dismiss, a complaint must be construed in the light most favorable to the plaintiff, the allegations thereof being taken as true; and, if it appears reasonably conceivable that at trial the plaintiff can establish a set of facts entitling him to some relief, the complaint should not be dismissed.

*See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

In Count IV, Tirado alleges that on November 23, 1979, he and Z Frank signed a purchase order for an automobile. In pertinent part, the purchase order stated,

> I [Tirado] have requested SELLER to attempt to arrange financing of this purchase for me. I understand that until such financing satisfactory to both of us is arranged, either SELLER or I can cancel this order at any time.

Tirado alleges that he attempted to cancel the purchase order before financing was arranged, but Z Frank refused to permit him to cancel. Because of the refusal to permit cancellation, Tirado claims that Z Frank was required to make credit disclosures prior to execution of the purchase order, since the transaction was consummated at that time; and that by failing to make such disclosure, Z Frank is in violation of §§ 121 and 128 of the TILA and Regulation Z.

The Truth in Lending Act provides that in connection with each consumer credit sale the creditor shall disclose relevant credit information to enable the consumer to compare various credit arrangements offered by other lenders or sellers. 15 U.S.C. § 1638(a); *Gonzalez v. Schmerler Ford*, 397 F.Supp. 323 (N.D.Ill.1975). Section 1638(b) further requires that such disclosures ". . . shall be made before the credit is extended, and may be made by disclosing the information in the contract or other evidence of indebtedness to be signed by the purchaser." In elaboration of this provision, Regulation Z states that "such disclosures shall be made before the transaction is consummated," 12 C.F.R. 226.8(a) and that "a transaction shall be considered consummated at the time a contract relationship is created between a creditor and customer irrespective of the time of performance of either party." 12 C.F.R. 226.2(kk).

The issue before the Court is whether the transaction for the purchase of the automobile was consummated as Tirado contends on November 23, 1980, when the purchase order was signed, or as Z Frank contends on December 4, 1980, when the retail installment contract was signed. If the transaction was consummated on November 23, Z Frank was required to make credit disclosures at that time, and Tirado's complaint does state a claim under the TILA. If, however, the transaction was consummated on December 4, Z Frank's retail installment contract form sets forth the credit terms as required, and Tirado's complaint merely states a claim for breach of contract for

---

1. The complaint contains no Count III.

refusal to allow cancellation, rather than a federal cause of action under the TILA.

Tirado contends that disclosure of credit terms by Z Frank was required on November 23, 1980, even though the installment sales contract was not signed until December 4, 1980. In support of this position, Tirado cites *Gonzalez v. Schmerler Ford*, 397 F.Supp. 323 (N.D.Ill.1975). In *Gonzalez*, the parties completed an agreement for the purchase of a car on October 1, 1973, indicating a downpayment of $10.00 had been made and that the balance was due on October 3, 1973. The October 1 document also contained plaintiff's credit references and the credit terms sought by plaintiff. On October 3, 1973, the parties completed an installment sales contract that fully disclosed the credit information required by law. Plaintiff brought an action against defendant for a failure to disclose credit information in connection with the execution of the October 1 document in violation of the TILA and Regulation Z.

The defendant in *Gonzalez* maintained that disclosure of credit terms was not required on October 1, since the October 1 document indicated the balance was to be paid on October 3 in a single installment, a transaction not covered by the TILA.[2] Defendant further maintained that since they had no way of knowing whether the finance company would approve plaintiff's credit, the credit arrangement sought by plaintiff was not so integral a part of the October 1 agreement to create a contractual relationship regarding financing on October 1, and consequently, TILA disclosures were not required on that date.

In essence, defendant's position was that on October 1, it had a binding contract for a cash sale, not subject to the TILA, or a binding contract for an installment credit sale in which disclosures were required to be made on October 3. The court disagreed, concluding that under defendant's operating procedures, the only way a consumer was free to negotiate his credit terms and reject the defendant's offer was to subject himself to a lawsuit. The court held that although the October 1 contract was not binding, the financing arrangements were such an integral part of the sale that a contractual relationship was created on October 1, and the transactions consummated at that time. Thus, defendant's procedures compelled disclosures on October 1.

■ The instant case is similar to *Gonzalez* in that Z Frank's operating procedure resulted in the consummation of the transaction with Tirado on November 23, prior to execution of the retail installment contract. Because Z Frank refused to abide by the terms of the purchase order and grant Tirado's request to cancel the order, Tirado was not free to reject Z Frank's subsequent credit offer or to seek alternative arrangements, unless, as in *Gonzalez*, Tirado was willing to subject himself to a lawsuit. Since Tirado allegedly was compelled to accept the credit terms presented in the installment sales contract executed on December 24, the Court must conclude that the financing arrangements were such an integral part of the November 23 purchase order that a contractual relationship regarding financing was consummated at that time. Assuming, as the Court must on a motion to dismiss, that plaintiff could prove at trial all the allegations contained in his complaint, Z Frank's operating procedures in this case would require that disclosures be made on November 23. Accordingly, Count IV of Tirado's complaint states a claim under the TILA and Regulation Z.

■ Z Frank next moves to dismiss Count V of the complaint for failure to state a claim and for lack of federal jurisdiction. Because this Court has found that Count IV of Tirado's complaint states a federal claim, Tirado's state law claims in Count V are properly before this Court under the doctrine of pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1965).

2. Transactions in which finance charges are payable in four or fewer installments are not covered by the TILA. 12 C.F.R. 226.2(k).

Z Frank contends that Count V fails to state a claim under MVRISA because there is no private right of action under MVRISA. Count V alleges that Z Frank's failure to make a timely disclosure of credit information was a wilful and material violation of MVRISA which entitles Tirado to relief under the Illinois Consumer Fraud and Deceptive Business Practices Act. Ill.Rev.Stat. ch. 121½, § 261 *et seq.* ("CFA"). Although the Illinois Supreme Court has held there is no private right of action under the enforcement provision of MVRISA, *Hoover v. The May Department Stores Company*, 77 Ill.2d 93, 32 Ill.Dec. 311, 395 N.E.2d 541 (1979), Tirado contends that a private action may be maintained under the CFA for wilful and material violations of MVRISA. However, the court in *Hoover* stated that

> *if a person is held in a civil or criminal proceeding* to have wilfully and materially violated . . . [the MVRISA] such violations constitute violations of the Consumer Fraud and Deceptive Trade Practices Act, and a private action may be maintained by the consumer under section 10a of that act [Ill.Rev.Stat.1973, ch. 121½, par. 270a). (Emphasis added).

*Hoover, supra*, 32 Ill.Dec. at 315–16, 395 N.E.2d at 545–46. *See* Ill.Rev.Stat.1973 ch. 121½, ¶ 262F. The Court further stated that only the Attorney General or the State's Attorney could bring an action for a violation of MVRISA, and that a private action under CFA is contingent on the findings of the suit brought under MVRISA. *Hoover, supra*, 32 Ill.Dec. at 315–16, 395 N.E.2d at 545–546. Mere assertions of wilful and material violations of MVRISA are not adequate to obtain relief under the CFA. *Smith v. Sears Roebuck & Co.*, 95 Ill.App.3d 174, 50 Ill.Dec. 565, 419 N.E.2d 673 (4th Dist. 1981). In the instant case, there is no indication that any court has found that Z Frank committed wilful and material violations of MVRISA. We therefore conclude that Tirado has failed to state a claim under MVRISA.

In summary, we find that Count IV of Tirado's complaint states an action under the Truth in Lending Act, but Count V, under MVRISA, is inadequate as a matter of law. Accordingly, Z Frank's motion to dismiss Count IV of the complaint is denied, and its motion to dismiss Count V of the complaint is granted. It is so ordered.